**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jack C. S., | Case No. 2:23-cv-00365-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley[1], Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Jack C. S.'s motion for remand (ECF No. 12) and the Commissioner's cross motion to affirm (ECF No. 16). Plaintiff filed a reply. (ECF No. 18). Because the Court finds that the ALJ provided clear and convincing reasons for rejecting Plaintiff's symptom testimony, the Court denies Plaintiff's motion for remand (ECF No. 12) and grants the Commissioner's cross motion to affirm (ECF No. 16). The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

**I.   Procedural history.**

On November 7, 2019 and November 21, 2019, Plaintiff filed applications for child disability benefits and supplemental security income alleging disability commencing September 11, 1997. (ECF No. 12 at 3). The Commissioner denied the claims by initial determination on September 8, 2020. (*Id.*). The Commissioner denied reconsideration on June 18, 2021 and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 18, 2021. (*Id.*). The ALJ published an unfavorable decision on March 11, 2022. (*Id.*). The Appeals

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

Council denied Plaintiff's request for review on February 7, 2023, making the ALJ's decision the final decision of the Commissioner. (*Id.*).

## II. The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) and § 416.920(a). (AR 16-28). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 11, 1997, the alleged onset date. (AR 19). At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety and obsessive-compulsive disorders; depressive, bipolar, and related disorders; neurocognitive disorders; autism spectrum disorder; and attention deficit/hyperactivity disorder. (AR 19). At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 20-22). In making this finding, the ALJ considered Listings 12.02, 12.04, 12.06, 12.10, and 12.11. (AR 20-22).

At step four, the ALJ found that Plaintiff has an RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [t]he claimant can understand, remember, and carry out simple tasks, defined as tasks that can be learned in a short demonstration and up to a month of training, with concentration, persistence and pace for such work, characteristic of unskilled occupations. The claimant can tolerate occasional contact with the public in brief, infrequent, and non-intensive encounters.

(AR 22).

At step five, the ALJ found that Plaintiff could perform occupations such as housekeeping cleaner, merchandise marker, and small parts assembler. (AR 27). Accordingly, the ALJ found that Plaintiff had not been disabled from September 11, 1997. (AR 28).

## **STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## DISABILITY EVALUATION PROCESS

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can do other work, then a finding of not disabled is made.  Although the individual generally

1 continues to have the burden of proving disability at this step, a limited burden of going forward
2 with the evidence shifts to the Commissioner. The Commissioner is responsible for providing
3 evidence that demonstrates that other work exists in significant numbers in the national economy
4 that the individual can do. *Yuckert*, 482 U.S. at 141-42

## ANALYSIS AND FINDINGS.

**I.     Whether the ALJ's erred in rejecting Plaintiff's subjective complaints.**

   *A.     The parties' arguments.*

Plaintiff argues that the ALJ did not adequately tie evidence to Plaintiff's testimony that the ALJ found not credible. (ECF No. 12 at 7). Specifically, the ALJ discounted Plaintiff's complaints in part due to his ability to play video games for about six hours a day. (*Id.*). But Plaintiff asserts that the ALJ did not explain the nexus between Plaintiff's ability to play video games and the rigors of full time employment. (*Id.*). Plaintiff also argues that the ALJ did not inquire as to the extent of Plaintiff's participation in the game, what the games entailed, and whether Plaintiff had any difficulty participating in or completing the games. (*Id.* at 7-8). Plaintiff adds that the ALJ discounted his complaints because they were "somewhat inconsistent with the evidence of record," but then simply went on to summarize the evidence. (*Id.*). Plaintiff asserts that because the ALJ cannot reject a claimant's testimony based solely on the lack of objective medical evidence corroborating it, that the ALJ's summary was not a clear and convincing reason to discount Plaintiff's complaints. (*Id.*). Because "[p]roper evaluation of [Plaintiff's] subjective complaints could lead to a different result," Plaintiff asserts that the error is not harmless. (*Id.*).

The Commissioner responds that the ALJ properly considered Plaintiff's testimony and discounted it by giving clear and convincing reasons. (ECF No. 16 at 5). The Commissioner points out that the ALJ considered Plaintiff's testimony and the testimony of his grandmother and great-aunt. (*Id.* at 6). The Commissioner found that Plaintiff's allegations of memory deficits were not fully consistent with the medical evidence that showed that he had fair to normal memory. (*Id.* at 6-7). Other exam notes contradicted Plaintiff's allegations about concentration, understanding, completing tasks, and following instructions because those notes showed, amongst

other things, that Plaintiff spoke well, understood test instructions, had average intelligence, had an average attention span, and had average concentration. (*Id.*). Still other notes contradicted Plaintiff's allegations regarding his difficulty interacting with others because those notes showed that Plaintiff was cooperative, had appropriate eye contact, and had coherent and intelligible speech. (*Id.* at 7-8). The Commissioner thus argues that the ALJ did not find Plaintiff's allegations uncredible because of a lack of objective evidence, but properly found that they were inconsistent with the objective evidence. (*Id.*). The Commissioner adds that Plaintiff's activities of daily living—even if not commensurate with work—demonstrated that Plaintiff's allegations were exaggerated. (*Id.* at 8-9). Specifically, the ALJ noted that Plaintiff could play video games for six hours a day, which the ALJ reasoned required the ability to be responsive to instructions to navigate through the complexities of each level and achieve a specific goal, which contradicted his allegations about his limitations in following instructions, completing tasks, and maintaining attention and concentration. (*Id.* at 9-10). And Plaintiff was also able to prepare simple meals, perform household chores, and take care of pets, which contradicted his testimony that he could not perform even unskilled work. (*Id.*). The Commissioner also points out that the ALJ considered all the medical opinions and prior administrative medical findings, which opinions and findings concluded that Plaintiff was no more restricted than the ALJ's RFC. (*Id.* at 10-11). The Commissioner concludes that even if one of the ALJ's reasons for rejecting Plaintiff's symptom testimony was faulty, because the ALJ relied on multiple independent reasons for doing so, the error would be harmless. (*Id.* at 12).

Plaintiff replies that the Commissioner overlooked that, while it is undisputed that Plaintiff plays video games, what is disputed is how this activity translates into full time employment. (ECF No. 18 at 4). Plaintiff asserts that the ALJ improperly determined that video game playing was inconsistent with Plaintiff's allegations of disabling limitations. (*Id.*). Regarding the Commissioner's argument that the ALJ found Plaintiff's testimony inconsistent with the record, Plaintiff argues that the ALJ noted inconsistencies in the record, but did not confront Plaintiff with the inconsistencies in the hearing. (*Id.* at 5). Plaintiff also argues that, just because doctors disagreed on the extent of Plaintiff's limitation did not give ALJ a reason to

reject Plaintiff's testimony because, under the excess pain doctrine, excess symptoms are those which are beyond medical explanation. (*Id.* at 5-6). So, the ALJ needed to rely on other reasons unrelated to Plaintiff's testimony to reject the testimony. (*Id.*). Plaintiff concludes that the Commissioner's argument that the ALJ properly discounted Plaintiff's complaints because they were not supported by the objective evidence, if the sole remaining reason, cannot form the basis for the ALJ's credibility determination. (*Id.* at 6).

### B.     Analysis.

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible. 42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Because the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," the agency must explain its reasoning. *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). The Ninth Circuit thus requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (citing *Bunnell*, 947 F.2d at 346 and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). That means "[g]eneral findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of

"the 'record in general'"). The Ninth Circuit has also held that only if a claimant's level of activity was inconsistent with that claimant's limitations would those activities have any bearing on the claimant's credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). If a claimant's daily activities are consistent with that claimant's statements about her impairments, those daily activities do not satisfy the requirement of a clear, convincing, and specific reason to discredit the claimant's testimony. *Id.*

An ALJ must specifically identify the testimony he finds not credible and why. *Treichler*, 775 F.3d at 1102-1103. "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review." *Id.* (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.*

Here, the Court finds that the ALJ properly gave clear and convincing reasons for rejecting Plaintiff's symptom testimony. The ALJ adequately explained her reasoning by outlining the testimony that she found not credible, including Plaintiff's, his grandmother's, and his great aunt's opinions that Plaintiff's impairments affected his ability to talk, hear, remember, complete tasks, concentrate, understand, use his hands, and follow instructions. (AR 22-23). The ALJ then outlined the medical records that undermined that testimony. (AR 23-26). The ALJ found that, although on occasion Plaintiff's notes demonstrated memory difficulties, other records demonstrated that Plaintiff had intact memory and normal mental findings, undermining symptom testimony regarding Plaintiff's memory. (AR 23-24). The ALJ outlined notes that demonstrated that Plaintiff was polite and cooperative at exams, comprehended testing instructions, had average intelligence, and was deemed ineligible for special education services, undermining Plaintiff's testimony that he struggled to interact with others and understand. (AR 24). The ALJ also relied on medical opinions that concluded that Plaintiff was less restricted than his testimony suggested. (AR 25-26). Regarding Plaintiff's argument that the ALJ did not explain the nexus between Plaintiff's ability to play video games and the rigors of full time employment, the Court finds that the ALJ adequately explained how she considered video gaming

to translate into an RFC and thus how it was inconsistent with Plaintiff's testimony. Specifically, the ALJ stated:

> The claimant testified that he plays video games for approximately 6 hours per day (Hearing Testimony), which requires the ability to be responsive to instructions in order to navigate through the complexities of each level in order to achieve a specific goal. Accordingly, I find that the claimant can understand, remember, and carry out simple tasks, defined as tasks that can be learned in a short demonstration and up to a month of training, with concentration, persistence and pace for such work, characteristic of unskilled occupations.

(AR 25).

Additionally, regarding Plaintiff's arguments that the ALJ should have confronted him with inconsistencies, Plaintiff does not point out which inconsistencies the ALJ should have confronted him with, does not provide authority about when or how the ALJ should have done this, and improperly raises this argument for the first time in reply. Ultimately, while the ALJ's analysis may not have been as extensive as Plaintiff would like, the Court does not find that it was vague or failed to provide the Court with reasons to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 12) is **denied.**

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 16) is **granted.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: February 27, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE